RAWLINSON, Circuit Judge,
concurring in part, and concurring in the result:
I concur in the vast majority of the excellent opinion, and I concur in the judgment. I write separately only because I do not join that portion of the opinion holding that the Tax Court erred in concluding that the 2003 fee payment did not constitute interest.
The otherwise excellent opinion bases its conclusion regarding the 2003 fee payment on assumptions rather than on the record. See Opinion, pp. 415-16. However, we have reviewed these determinations by the Tax Court for clear error. See Gatto v. Comm’r, 1 F.3d 826, 828 (9th Cir.1993) (“We review for clear error the Tax Court’s determination that an interest deduction ... was not the result of genuine indebtedness....”) (citation omitted). The Samuelis’ claimed deduction resulted from a transaction that was similar to the one we considered in Gatto — no money was actually exchanged between the parties. See id. at 829 (noting that there was no genuine indebtedness when a “loan” was really a promise to pay money in the future). The assumptions made in the Opinion do not establish clear error on the part of the Tax Court. For that reason, I would affirm the Tax Court decision in its entirety. Nevertheless, I concur in the judgment affirming the Tax Court’s ruling.